Keith Louis KLOOCK; Mark Gerald Zysk; Harold Raymond Staley, Plaintiffs–Appellants,

v.

Marvin T. RUNYON, Defendant

National Association of Letter Carriers Branch 758; National Association of Letter Carriers, Defendants–Appellees.

No. 00–1793.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

---

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

Keith Kloock, Mark Zysk, and Harold Staley, proceeding pro se, appeal a district court judgment dismissing their civil action presumably filed pursuant to the Postal Reorganization Act, 39 U.S.C. § 1208, and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The plaintiffs are three current or prior letter carriers employed by the Postal Service. In their complaint and amended complaints, the plaintiffs sued the Postal Service and their collective bargaining representatives, the National Association of Letter Carriers (NALC), and NALC Branch 758 (collectively "the Union"). The plaintiffs essentially claimed that: 1) the Postal Service engaged in various breaches of the collective bargaining agreement; and 2) the Union violated its duty of fair representation. The parties eventually stipulated to the dismissal of the claims against the Postal Service. Following an evidentiary hearing, a magistrate judge filed a report recommending that the district court grant the Union's motion for summary judgment. Over the plaintiffs' objections, the district court adopted the magistrate's recommendation and dismissed the case.

The plaintiffs have filed a timely appeal. They argue that: 1) the district court improperly granted the Union's motion for summary judgment; 2) the court improperly dismissed some of their claims pursuant to a six-month statute of limitations; and 3) the district court made various errors concerning docket control. In addition, plaintiff Kloock argues that the district court did not properly consider his claim that the Union failed to proceed with a 1999 grievance.

▪ Initially, we conclude that the district court did not abuse its discretion with regards to docketing matters. *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir.1999). First, the record reflects that the Union's pleadings were timely because the court had granted the Union various extensions. Second, for the reasons expressed below, the plaintiffs did not establish any actual prejudice as a result of the district court's decision to rule on the Union's motions without additional briefing from the plaintiffs. *See In re Air Crash Disaster,* 86 F.3d 498, 516 (6th Cir.1996).

▪ Second, the Union did not breach its duty of fair representation with respect to Kloock's claim that the Union improperly declined to pursue a 1999 grievance. The grievance concerned the implementation of a 1998 EEOC decision which the

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

Union declined to pursue through all steps of the grievance procedure. The Union stated that it declined to pursue the matter further because Kloock had another avenue available to him, through the EEOC, to pursue implementation of the 1998 decision. Kloock has not presented anything indicating that this decision was arbitrary, discriminatory or in bad faith. *See Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

Finally, upon de novo review, *see Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000), we conclude that the plaintiffs' remaining claims on appeal lack merit for the reasons expressed by the magistrate judge and adopted by the district court in its June 19, 2000, order.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.